# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GENERAL WIRELESS OPERATIONS INC. DBA RADIOSHACK et al.,[1] | Case No. 17-10506 (BLS) |
| | Jointly Administered |
| Debtors. | |
| | Related to Docket No. 205 |

## ORDER (I) APPROVING BID AND SALE PROCEDURES WITH RESPECT TO THE SALE OF CERTAIN LEASE ASSETS, (II) APPROVING CURE PROCEDURES AND RELATED NOTICE PROCEDURES; (III) SCHEDULING AN AUCTION AND SALE HEARING AND (IV) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (D.I. 205, the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking, pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), an order (i) authorizing and approving certain sale and bidding procedures (as may be amended, the "Bidding Procedures"), (ii) scheduling an auction and sale hearing in connection with any such sale, (iii) approving cure procedures (the "Cure Procedures") and related notice procedures, and (vi) granting related relief; the Court having reviewed the Motion and conducted a hearing to consider the relief requested therein regarding the Bidding Procedures and related matters (the "Bidding Procedures Hearing"); and the Court having

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: General Wireless Operations Inc. dba RadioShack (8040); General Wireless Holdings Inc. (4262); General Wireless Inc. (9245); General Wireless Customer Service Inc. (5813). The notice address for all of the Debtors is: 300 RadioShack Circle, Fort Worth, TX 76102-1964.

[2] Capitalized terms not otherwise defined in this order shall have the meanings given to them in the Motion or the Bidding Procedures, as applicable.

#43424082 v3

considered the statements of counsel and the evidence presented at the Bidding Procedures Hearing;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, 364, 365 and Fed. R. Bankr. P. 2002, 6004, 6006, 9008, 9014 and 9019. Venue of these cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtors have offered good and sufficient reasons for, and the best interests of their estates will be served by, this Court granting the Motion to the extent provided in this Order, including approval of (i) the Bidding Procedures, which are attached hereto as Annex 1, (ii) the Cure Procedures, and (iii) the form and manner of notice described in the Motion and this Order.

C. Good and sufficient notice of the relief sought in the Motion has been given under the circumstances, and no further notice is required except as otherwise set forth herein. Subject to the immediately preceding sentence, a reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. All findings of fact and conclusions of law announced by the Court at the Bidding Procedures Hearing are hereby incorporated herein to the extent not inconsistent herewith.

2

#43424082 v3

D. The proposed notice set forth in the Motion and this Order, is appropriate and sufficient, and is reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale Hearing and the Bidding Procedures, and no other or further notice shall be required for the Sale or the assumption and assignment of executory contracts and unexpired leases.

E. The issuance and immediate effectiveness of this Order as of the date hereof, including approval of the Bidding Procedures, is supported by evidence of compelling business justifications and other circumstances demonstrating that the relief granted by this Order is necessary to prevent immediate and irreparable harm to the Debtors and their estates.

F. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Lease Assets.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent provided herein.

2. All objections to the entry of this Order or to the relief provided herein that have not been withdrawn with prejudice, waived, resolved or settled are hereby denied and overruled on the merits.

### Bidding Procedures and Auction

3. The Bidding Procedures, as attached as Annex 1, are hereby approved, are incorporated herein by reference, and shall govern all bids and bid proceedings relating to the Leases. The Debtors and their representatives are authorized to take any and all actions necessary or appropriate to implement such Bidding Procedures.

4. The deadline for submitting a Qualified Bid shall be **April 17, 2017 at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline").

#43424082 v3

5.  General Wireless Operations Inc. shall serve as Escrow Agent for the Good Faith Deposit(s). Good Faith Deposits shall: (i) not be deemed to be property of the Debtors' bankruptcy estate pending further order of the Court; and (ii) be held in escrow pending further order of the Court or returned to the Bidder in accordance with the Bidding Procedures or the Bidder's signed agreement.

6.  The Debtors shall deliver any Adequate Assurance Package with respect to a Qualified Bid to affected Lease Counterparties and, if known, their counsel (i) via email by 5:00 p.m. (prevailing Eastern Time) on April 18, 2017, to Lease Counterparties and their counsel who have provided an email address to the Debtors' counsel prior to such date, or (ii) via overnight mail for all other Lease Counterparties by April 19, 2017. To the extent any Lease Counterparty or its counsel has provided an email address to the Debtors or their advisors, such Lease Counterparty or its counsel is deemed to have agreed to service of documents via email.

7.  All bidders are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Lease Assets.

8.  No later than 5:00 p.m. (prevailing Eastern Time) on April 18, 2017, the Debtors shall file with the Court a report stating which Leases, if any, are the subject of a Qualified Bid (the "Initial Bid Report").

9.  In the event the Debtors timely receive more than one Qualified Bid for the same Lease, the Debtors shall conduct the Auction. The Auction shall take place at the offices of Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, Delaware 19801 on **April 19, 2015 at 11:00 a.m. (prevailing Eastern Time)**. The Auction may

be continued from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment, as applicable, at the Auction.

10. Each Qualified Bidder, including a Lease Counterparty bidding for its own Lease, participating at the Auction will be required to confirm in writing, that (a) it has not engaged in any collusion with respect to the bidding process, and (b) its Qualified Bid is a good faith *bona fide* offer that it intends to consummate if selected as the Successful Bidder.

11. The Auction will be conducted openly and will be transcribed or videotaped, at the Debtors' option.

12. Upon the conclusion of the Auction, the Debtors will promptly file notice of the Successful Bidder and the Next Best Bidder, if applicable, for the applicable Lease Asset (the "Successful Bidder Notice") (other than where the Lease Counterparty is the Successful Bidder).

13. The Court shall convene a Sale Hearing with respect to the sale of Lease Assets on **April 24, 2017 at 10:30 a.m. (prevailing Eastern Time)**, at which time the Court will consider the Sale of any Lease to the Successful Bidder(s), the approval of any assumption and assignment, the approval of any lease termination, and the entry of a Sale Order.

14. Objections shall be filed as provided herein. If there are no objections pending as of the applicable Sale Hearing or any objections, except for unresolved objections relating to Cure Amounts, are overruled or otherwise resolved, then the proposed sale may be approved at the applicable Sale Hearing. Any unresolved objections related to Cure Amounts will be resolved after the proposed sale has closed or as otherwise ordered by the Court, provided that disputed cure amounts shall be escrowed.

### Cure, Objection and Notice Procedures

15. The following Cure Procedures and notice procedures are hereby approved:

a. **Cure Schedule.** A schedule listing the proposed cure amounts (the "Cure Amounts") for those Leases that the Debtors may seek to assume and assign or that may be subject to a sale of the Lease Designation Rights was filed by the Debtors on March 31, 2017, as such schedule may be amended of record.

b. **Cure Objections.** If a Lease Counterparty objects to the Debtors' proposed cure amounts, the Lease Counterparty may send an email indicating the Lease Counterparty's proposed cure amount, which email must include support for such proposed cure amount, to leasecures@radioshack.com beginning on April 3, 2017 such that the parties may reach an informal resolution. If the parties are unable to reach a resolution by such means, and a Lease appears on the Initial Bid Report, a party must file a formal objection to Cure Amounts (a "Cure Objection").

Cure Objections must: (i) be in writing; (ii) be signed by counsel or attested to by the objecting party; (iii) identify the Leases to which the objector is a party; (iv) describe with particularity any cure the claimant contends is required under section 365 of the Bankruptcy Code (the "Cure Claim") and identify the bases of the Cure Claim under the Lease; and (v) unless such deadline is extended by agreement of the Debtors, be filed and served so as to be received by the Debtors on or before **April 21, 2017** at 4:00 p.m. (prevailing Eastern Time) (the "Cure Objection Deadline").

If a Lease is listed on the Initial Cure Report, unless a Cure Objection is filed and served as provided herein by the Cure Objection Deadline (as the same may be extended for a given Lease by agreement of the Debtors), all Lease Counterparties who have received actual or constructive notice hereof shall be deemed to have waived and released any right to assert such a Cure Objection and instead shall be deemed to have consented to the Cure Amount and shall be forever barred and estopped from asserting or claiming that any additional amounts are due or defaults exist.

A timely Cure Objection shall not constitute an objection to the relief generally requested in the Motion.

6

#43424082 v3

    c.    **General Objection Deadline.** All objections, excluding adequate assurance objections, to the assumption, assignment and sale of any Lease Assets must be submitted by **April 21, 2017** at 4:00 p.m. (prevailing Eastern Time) (the "General Objection Deadline").

    d.    **Adequate Assurance Objections.** All affected Lease Counterparties shall be required to submit any objections with respect to adequate assurance of future performance by the Successful Bidder or the Next Best Bidder, as applicable, with respect to any Lease no later than prior to or at the Sale Hearing on April 24, 2017.

### Other Findings

16. All Interested Parties (whether or not Qualified Bidders) that participate in the Bidding Process shall be conclusively deemed to have knowingly and voluntarily (a) consented to the entry of a final order by this Court in connection with the Motion or this Order (including any disputes relating to the Bidding Process, the Auction and/or the Sale) to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution and (b) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

17. The requirements set forth in Local Rules 6004-1 and 9013-1 are hereby satisfied or waived.

18. Notwithstanding any applicability of Bankruptcy Rule 6004(h), 6006(d), 7062 or 9014, this Order shall be immediately effective and enforceable upon entry of this Order. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

7

#43424082 v3

Dated: April 10, 2017
      Wilmington, Delaware

_____
The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge

#43424082 v3