# Exhibit A

#43613301 v2

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (this "**Agreement**") is made as of April _____, 2017, by and between _GENERAL WIRELESS OPERATIONS, INC., a TEXAS CORPORATION_ ("Assignor"), and _AM PCS INCORPORATED, a TEXAS CORPORATION_ ("Assignee").

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (together with any other court having proper jurisdiction, the "**Bankruptcy Court**"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the real property lease(s) listed on the attached Schedule A (collectively, the "**Assigned Leases**," and each, an "**Assigned Lease**") with respect to the premises set forth on Schedule A (the "**Premises**") on the terms and conditions set forth herein and as authorized under sections 363 and 365 of the Bankruptcy Code, and Assignor has determined that an assumption and assignment in accordance with sections 363 and 365 of the Bankruptcy Code is in the best interests of its creditors and interest holders.

NOW, THEREFORE, in consideration of the premises and the mutual agreements contained herein, Assignor and Assignee hereby agree as follows:

1. Assignment and Assumption.

    (a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee and its successors and assigns all of Assignor's right, title and interest in and to the Assigned Leases.

    (b) Assignee hereby assumes and undertakes to pay, perform and discharge all of the obligations and duties of Assignor as tenant or lessee under and with respect to the Assigned Leases, whether accruing before, on or after the date of this Agreement.

2. Payment of Purchase Price. Assignee shall, on the date hereof, deliver the purchase price for the Assigned Leases in the amount of $ _25,000_ in immediately available funds wired to the account specified by Assignor plus the amount of any security deposit applicable to any Assigned Lease that has not been applied in accordance with the terms of the relevant Assigned Lease.

3. Assumption of Liabilities. In addition to assuming all obligations on the part of the tenant or lessee under and with respect to each Assigned Lease, including, but not limited to, accrued but unbilled adjustments for common area maintenance, utilities, real estate taxes, insurance and other operating expenses, Assignee shall assume and cure all outstanding liabilities with respect to each Assigned Lease, including, without limitation, the payment to the landlord under the Assigned Lease of overdue rent and other charges and the deposit of any amount required to meet the security deposit requirements of the Assigned Lease.

4. <u>No Further Liability of Assignor</u>. From and after the date hereof, Assignor shall have no further obligations or duties with respect to any Assigned Lease, and Assignee agrees to indemnify Assignor, and hold Assignor harmless, from and against all loss, cost and expense suffered or incurred by Assignor as a result of any failure on the part of Assignee to fulfill its obligations as required by this Agreement under and with respect to the Assigned Leases.

5. <u>Further Assurances</u>. At any time and from time to time after the date hereof, without further consideration, (a) at the request of Assignee, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey and assign to Assignee all of Assignor's rights to the Assigned Leases, and (b) at the request of Assignor, Assignee shall execute and deliver such other instruments of assumption and confirmation and take such other action as Assignor may reasonably request as necessary or desirable in order to more effectively evidence Assignee's assumption of Assignor's obligations as tenant or lessee under and with respect to the Assigned Leases.

6. <u>"As Is, Where Is" Transaction</u>. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to any Assigned Lease. Without in any way limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any Assigned Lease. Assignee further acknowledges that Assignee has conducted an independent inspection and investigation of the physical condition of the Premises and all such other matters relating to or affecting the Assigned Leases as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Assigned Leases, Assignor is doing so based upon such independent inspections and investigations. Accordingly, Assignor accepts the Premises and the Assigned Leases "AS IS" and "WHERE IS."

7. <u>Miscellaneous</u>.

(a) This Agreement is binding upon and shall inure to the benefit of Assignor's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under chapter 7 or chapter 11 of the Bankruptcy Code, and is binding upon and shall inure to the benefit of Assignee's successors and assigns.

(b) Each of Assignor and Assignee warrants and represents that it has the power and authority to enter into this Agreement.

(c) This Agreement and any additional agreements delivered in connection herewith together contain the entire agreement between the parties hereto, and except as otherwise specifically set forth herein, supersede all prior agreements and undertakings between the parties hereto relating to the subject matter hereof.

(d) This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument, and presentation of any copy of this Agreement, whether original or facsimile

(including in portable document format (pdf)), signed by Assignor and Assignee shall constitute sufficient proof of this Agreement.

(e) This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to principles of conflicts of law, and any disputes shall be resolved by the Bankruptcy Court, which shall have exclusive jurisdiction at all times during which Assignor's bankruptcy case is pending.

(f) Any and all sales, transfer and recording taxes, stamp taxes or similar taxes or fees, if any, relating to the assignment of the Assigned Leases shall be the sole responsibility of Assignee and shall be paid, if applicable, to the proper governing body on the date of this Agreement.

(g) This Agreement may not be amended orally but rather may be amended only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

*[Signatures are on the following page.]*

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the date first written above.

ASSIGNOR:

[Name of Assignor]

By:_____

Name:
Title:

ASSIGNEE:

[Name of Assignee]

By:_____

Name: ANUJ MEHRA
Title: PRESIDENT

## Schedule A

## Assigned Leases

| Premises<br>(street address, including suite number and store number) | Lease Description<br>(description of lease instruments) |
|---|---|
| 9308 North Lamar<br>Austin, TX 78753<br>Store #019235-02 | |