IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>GENERAL WIRELESS OPERATIONS INC. DBA RADIOSHACK,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 17-10506 (BLS)<br><br>**Response Deadline: December 7, 2019, 4:00 p.m.** |

**THIRTEENTH NOTICE OF SATISFACTION OF CERTAIN FULLY SATISFIED ADMINISTRATIVE, PRIORITY AND SECURED CLAIMS AND OPPORTUNITY TO FILE OBJECTIONS**

**TO: Parties listed on the Attached Exhibit(s):**

PLEASE TAKE NOTICE that General Wireless Operations Inc. (the "Reorganized Debtor"), by its undersigned attorneys, hereby files this notice (the "Notice") identifying certain proofs of claim asserting, in whole or in part, administrative expense claims, priority claims, and/or secured claims (the "Fully Satisfied Claims") filed against the Debtors' estates which have been satisfied in full by payments made after the Petition Date. In support of this Notice, the Reorganized Debtor states as follows:

---

[1] The Reorganized Debtor in this chapter 11 case and the last four digits of its U.S. tax identification number are as follows: General Wireless Operations Inc. dba RadioShack (8040). The notice address for the Reorganized Debtor is: 801 NE 38th Street, Fort Worth, TX 76106. The chapter 11 cases of the Reorganized Debtor's affiliated debtors have been closed.

## BACKGROUND

1. The Court has jurisdiction over this Notice pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On March 8, 2017 (the "Petition Date"), General Wireless Operations Inc., dba RadioShack, General Wireless Holdings Inc., General Wireless Inc. and General Wireless Customer Service Inc. (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. On October 26, 2017, this Court entered an order (the "Confirmation Order") confirming the First Amended Joint Plan of Reorganization of General Wireless Operations Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, dated October 24, 2017 (as modified by certain modifications filed with this Court and referenced in the Confirmation Order, the "Plan").

4. The Effective Date of the Plan was December 31, 2017.

5. On May 23, 2017, this Court entered that certain Order (I) Establishing Bar Date for Filing Claims and (II) Approving the Form and Manner of Notice Thereof (Docket No. 651) (the "Claims Bar Date Order").

6. The Claims Bar Date Order, among other things, established September 5, 2017 at 5:00 p.m. as the date by which all persons or entities holding claims of any kind (excluding, for the avoidance of doubt, claims arising under section 503(b)(9)) that first arose (or, only in the case of unexpired leases or real and personal property, accrued) on or after the Petition Date through July 31, 2017, including claims under

sections 365(d)(3), 365(d)(5) or 503(b)(1) through (8) of the Bankruptcy Code (the "Administrative Claims Bar Date").

7. Pursuant to Article XI of the Plan, this Court retained jurisdiction to, among other things "allow, disallow, determine, liquidate, classify, estimate, or establish the priority, Secured or unsecured status, or amount of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the Secured or unsecured status, priority, amount, or allowance of Claims or Interest."

## FULLY SATISFIED CLAIMS

8. The Reorganized Debtor has reviewed the Debtors' books and records and has determined that the Fully Satisfied Claims listed on **Exhibit 13NOS-A-1** of **Exhibit 13NOS-A** of this Notice have been paid in full by, among other things, payments made after the Petition Date.

9. The Reorganized Debtor has also determined that the Fully Satisfied Claims listed on **Exhibit 13NOS-A-2** of **Exhibit 13NOS-A** of this Notice were paid in full after the Petition Date in accordance with a settlement agreement, written or otherwise, between the Reorganized Debtor and the affected claimants allowing the administrative, priority, and secured claim (as applicable) in an amount different than the amount filed.

10. Accordingly, the Reorganized Debtor intends to submit an order to this Court upon the passing of the Response Deadline (defined below), substantially in the

form attached hereto as Exhibit 13NOS-A, authorizing Prime Clerk, the claims agent in this case, to designate on the Claims Register that the Fully Satisfied Claims have been previously satisfied as provided herein and on the exhibit(s) attached hereto. Out of an abundance of caution, however, the Reorganized Debtor is serving this Notice on all parties holding the Fully Satisfied Claims to provide them with an opportunity to object to the Reorganized Debtor's position that such amounts have been satisfied in full.

11. **Any party disputing the position of the Reorganized Debtor that a particular Fully Satisfied Claim has been satisfied as provided for herein and on Exhibit A attached hereto (a "Respondent") must file a written response (the "Response") with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and serve such response on the following undersigned counsel to the Reorganized Debtor, so that it is received on or before December 7, 2019 at 4:00 p.m. (EST) (the "Response Deadline"):**

> Adam Hiller, Esquire
> Hiller Law, LLC
> 1500 North French Street
> Wilmington, Delaware 19801
> (302) 442-7677 telephone
> ahiller@adamhillerlaw.com

12. Upon the timely filing and service of a written response, the Reorganized Debtor will then review the Respondent's Fully Satisfied Claim with the

Respondent to determine whether any asserted amounts were not satisfied. In the event that the parties are unable to reach a resolution, the Reorganized Debtor will schedule a hearing on the matter, subject to the Court's availability.

13. Questions concerning this Notice should be directed to Adam Hiller, ahiller@adamhillerlaw.com. Claimants should not contact the Clerk of the Court to discuss the merits of their Fully Satisfied Claims or this Notice.

14. The Reorganized Debtor notes that nothing in this Notice is intended to affect any non-priority general unsecured claim(s) asserted by any of the affected claimants. Only any administrative, priority, and secured claims reflected in this Notice have been satisfied.

15. The Reorganized Debtor also notes that occasionally the claims agent's website may not accurately reflect the current state of any claims filed, objected to, totaled, and/or adjusted in this case. While the Reorganized Debtor and the claims agent have taken great care to correct any defects discovered in the claims register, parties should treat their actual claims and any objections and orders relating thereto as the state of their claims in this case.

RESERVATION OF RIGHTS

16. The Reorganized Debtor hereby reserves any and all rights to amend, supplement, or otherwise modify this Notice and to file additional notices of this nature and objections to claims with respect to any and all claims filed.

17. The Reorganized Debtor also reserves any and all rights, claims and defenses with respect to any and all Fully Satisfied Claims, and nothing included in or omitted from this Notice is intended or should be construed as (i) an admission as to the validity of any claims or any portion of any claims, (ii) a waiver of the rights of the Reorganized Debtor to dispute any claim on any grounds, (iii) a promise or requirement to pay any claim, (iv) an implication or admission that any claim is of a type referenced or defined herein or therein, (v) an implication or admission that any contract or lease is executory or unexpired, as applicable, (iv) a waiver or limitation of any of the rights of the Reorganized Debtor under the Bankruptcy Code, applicable law or the Plan, (vii) a request or authorization to assume or reject any agreement under Bankruptcy Code section 365, (viii) a waiver of any party's rights to assert that any other party is in breach or default of any agreement, or (ix) an implication or admission that any contract or lease is integrated with any other contract or lease.

Dated:  November 11, 2019
       Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

  /s/ Adam Hiller
Adam Hiller (DE No. 4105)
1500 N. French Street, 2nd Floor
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

*Attorney for the Reorganized Debtor*